UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JURIS ZANIS PUPOLS, )<br>)<br>          Plaintiff  )<br>)<br>    vs.                        )<br>)<br>JEFFERY WIENCEK,  )<br>ERIC WOHLRAB, and  )<br>MEMORIAL OCCUPATIONAL  )<br>HEALTH CENTER,  )<br>)<br>          Defendants  ) | CAUSE NO. 3:05-CV-583 RM |

OPINION and ORDER

Plaintiff Juris Pupols, who is proceeding *pro se*, has submitted an "initial claim" complaint and an "additional second claim" complaint for filing in this district, together with a petition for leave to proceed in forma pauperis. Mr. Pupols reports in his application that he is unemployed and has insufficient assets to enable him to pay the filing fee. Accordingly, his request to file this action without payment of the filing fee [docket # 1] is GRANTED.

Mr. Pupols labels his submissions as a "Malpractice Complaint," alleging that (i) he was injured while working at Modineer, and in the course of the medical examination for that injury, a doctor failed to make a proper diagnosis of his condition; (ii) the defendants engaged in "physiological abuse and intimidation tactics" when they stated he could return to work; and (iii) at the time of the examination, improper medication was prescribed to him. Mr. Pupols states in his

complaint and in his additional complaint that his injury, the medical examination, and the misconduct complained of occurred on July 14, 2003.

Mr. Pupols's claims relate to his injury and actions and inactions of a medical facility and members of the medical care community. Pursuant to Indiana Code § 34-11-2-3,

> An action of any kind for damages . . . based upon professional services rendered or which should have been rendered, may not be brought, commenced, or maintained . . . against physicians, dentists, surgeons, hospitals, sanitariums, or others, unless the action is filed within two (2) years from the date of the act, omission, or neglect complained of.

In addition, Indiana Code § 34-11-2-4 provides that an action for an "injury to person . . . must be commenced within two (2) years after the cause of action accrues." Mr. Pupols states that his injury and the rendering of the professional services of which he complains occurred on July 14, 2003. He submitted his complaint on September 15, 2005, more than two years after July 14, 2003.

28 U.S.C. § 1915(e)(2)(B) provides that a court "shall dismiss the case at any time if [it] determines that . . . the action is frivolous [or] fails to state a claim on which relief may be granted." Even though *pro se* complaints are to be liberally construed, <u>Alvarado v. Litscher</u>, 267 F.3d 648, 651 (7th Cir. 2001), because Mr. Pupols's claims are barred by the applicable statute of limitations, his complaint must be, and hereby is, DISMISSED.

SO ORDERED.

ENTERED:   January 12, 2006

          /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court